UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GIENA DAE FRIEND-KAUTZ,<br><br>  Plaintiff,<br><br>v.<br><br>CITIBANK d/b/a CITIBANK BEST BUY,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:17-cv-00140<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW comes GIENA DAE FRIEND-KAUTZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CITIBANK d/b/a CITIBANK BEST BUY ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the IDCSA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 53 year old person residing at 701 West Randolph Street, Nappanee, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a financial services company organized under the laws of the United States and maintains its headquarters in New York, New York.  Defendant regularly conducts business with consumers in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately November 2016, Plaintiff opened a line of credit at Best Buy, financed through Defendant.

10. Upon enrolling, Defendant was to send a physical credit card to Plaintiff's home address, but she never received it.

11. Around January 2017, Defendant sent Plaintiff a bill outlining annual charges allegedly owed by her.

12. Shortly thereafter, Plaintiff began receiving calls to her cellular phone, (574) XXX-0454 from Defendant, seeking to collect upon the alleged debt.

13. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0454.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Defendant has used the following phone numbers to call Plaintiff's cellular phone, including but not limited to: (469) 914-7211 and (877) 561-2272.

15. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to contact consumers seeking payment.

16. Upon answering calls from Defendant, Plaintiff experiences a recorded message, asking her to hold before being connected to a live representative.

17. Upon speaking with one of Defendant's representatives, Plaintiff notified it that she never received the credit card, so she should not be obligated to pay the annual fee.

18. Plaintiff also demanded that her account be canceled and her phone number be removed from its system, as she did not wish to be contacted.

19. In response, Defendant's representative told Plaintiff that he would cancel her account and remove her phone number from its system, so she would no longer receive phone calls from it.

20. Plaintiff has told Defendant to stop calling on at least one occasion.

21. Despite Plaintiff's demands and Defendant's assurances, it has continued to regularly call her cellular phone up until the present day.

22. Defendant has called Plaintiff's cellular phone multiple times in the same day.

23. For instance, Defendant called Plaintiff's cellular phone not less than 4 times on each of the following days:

    i. January 26, 2017
    ii. January 28, 2017
    iii. January 29, 2017
    iv. January 30, 2017
    v. January 31, 2017
    vi. February 2, 2017
    vii. February 3, 2017
    viii. February 5, 2017
    ix. February 6, 2017
    x. February 7, 2017
    xi. February 8, 2017

24. Plaintiff has received not less than 40 calls from Defendant since asking it to stop calling.

25. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $41.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

27. Plaintiff has been unfairly harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The pre-recorded message that Plaintiff experiences before she is connected to a live

representative is instructive that an ATDS was being used. Lastly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

32.  Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Although Plaintiff *may* have initially granted Defendant consent to contact her, this consent was explicitly revoked by her demands to cease contact and to remove her phone number from its system. After Plaintiff made these demands, Defendant even assured her that it would cancel her account and would remove her phone number off of its system so she would no longer receive phone calls. Despite her demands and Defendant's assurances, it has continued to call Plaintiff's cellular phone up until the present day.

33. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GIENA DAE FRIEND-KAUTZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

37. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

38. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

39. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

40. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

41. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she wanted her account canceled and that she no longer wished to be contacted. Defendant assured her that her account would be canceled and her number would be removed from its system. Despite these instructions by Plaintiff, Defendant chose to continue its onslaught of phone calls in an abusive attempt to frighten and harass Plaintiff into submission.

42. Defendant also placed not less than 4 phone calls to Plaintiff's cellular phone on 11 different days over a two-week span.  Placing numerous calls within a short window was abusive to Plaintiff.  Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

43. In addition, Defendant used different phone numbers when contacting Plaintiff, which was deceptively done with the goal that she would be tricked and coerced into answering its phone calls, even after she demanded that it stop calling.

44. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

45. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

46.  Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights.   Defendant's conduct is an incurable deceptive act of which notice would not remedy.

47.  Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it remove her phone number from its system and to cease contacting her.  Defendant even assured Plaintiff that her account would be canceled, and that her phone number would be removed from its system so that she would no longer receive calls from it.  Defendant made overtly false representations in saying that it would cease calling Plaintiff and then continued

its conduct. This illustrates Defendant's incurable behavior, because even when Defendant attempts to cure its behavior, it fails miserably, evidenced by calling Plaintiff at least 40 times after these promises.

48. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

49. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 24 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful conduct, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, GIENA DAE FRIEND-KAUZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 16 2017          Respectfully submitted,

<div style="margin-left: 3em;">

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

</div>